# EXHIBIT A

```
CASE 11-C-782            RALEIGH                        PAGE 0001

MALISSA HALSTEAD            vs. PAYPAL, INC.


LINE    DATE   ACTION

   1 08/24/11  CASE FILED-ISSUED SUMMONS AND COMPLAINT AND RETURNED TO ATTY FOR
   2           SERV THROUGH SEC OF STATE.  CNS/BJC
   3 09/02/11  CERTIFICATE OF SERVICE PLAINTIFFS FIRST ET OF INTERROGATORIES
   4           REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION
   5           TO DEFENDANT                              PC   (BLS)
   6 09/09/11  SEC OF STATE ACCEPTED FOR PROCESS OF SERVICE (PAYPAL)    PC (CC)
   7 11/14/11  NEW PROCESS-ISSUED SUMMONS & AMENDED COMPLAINT & RETURNED TO
   8           ATTY FOR SERVICE.      BJC   (BLS)
   9 01/04/12  RECEIVED RETURN OF SERVICE FROM SEC OF STATES ACCEPTED FOR
  10           SERVICE OF PROCESS                 PC    (CC)
  11 01/19/12  CERT. OF SERVICE OF PLTF'S FIRST SET OF INTERROGATORIES, REQUEST
  12           FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFT.
  13           ON BEHALF OF GE MONEY BANK BG  (BLS)
```

STATE OF WEST VIRGINIA

COUNTY OF RALEIGH SS:

I, PAUL H. FLANAGAN, Clerk of the Circuit Court of Raleigh County do hereby certify that the foregoing is a true and correct copy from the records of my office as the same exists therein.

IN TESTIMONY WHEREOF, I hereunto place my hand and affix the official seal of this Court, at Beckley this the 23RD day of January 20 12.

*Paul H. Flanagan*
Clerk

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.     CIVIL ACTION NO. 11-C-782-H

GE MONEY BANK,
a Federal Savings Bank,

    Defendant.

## AMENDED COMPLAINT

1. The Plaintiff, Melissa Halstead, is a resident of Raleigh County, West Virginia.
2. The Plaintiff, Melissa Halstead, is a person who falls under the protection of the *Telephone Consumer Protection Act, 47 U.S.C. §227* [hereinafter "*TCPA*"] and is also a "person" as that term is used in W.Va. Code §46A-2-125 and is entitled to the protection thereof.
3. The defendant GE Money Bank [hereinafter, "GEMB"] is a Federal Savings Bank with its principal place of business at 170 West Election Road, Suite 125, Draper, Utah, 84020. The said Defendant is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act* and does business in Raleigh County, West Virginia by extending auto loans to persons residing in said County and State. The said Defendant further transacts debt collection activity in said County and State. The said Defendant may be served by the West Virginia Secretary of State through its President and CEO, Kurt R. Grossheim, 170 West Election Road, Suite 125, Draper, UT 84020.
4. The calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as those terms are used in 47 U.S.C. §227.
5. The Defendant maintains records of each call placed to the Plaintiff regarding her account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.
6. The Defendant called Plaintiff repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least, on March 17, 2011 at which time the Plaintiff expressly revoked any permission which Defendant might have had to place any calls to the Plaintiff's cellular telephone.
7. From March 17, 2011 through May 13, 2011, the Defendant knowingly placed not less than eighty four (84) calls to the Plaintiff's cellular telephone utilizing an automatic telephone

dialing system or artificial or prerecorded voice without the express consent of the Plaintiff.

8. In addition to the not less than eighty four (84) calls placed by Defendant using an automatic telephone dialing system or artificial or prerecorded voice, as described in the preceding paragraph, the Defendant placed other calls to the Plaintiff after the latter date set forth in the preceding paragraph through the date of filing the herein complaint by use of an automatic telephone dialing system or artificial or prerecorded voice.

9. At no time did the Plaintiff expressly authorize the Defendant to make calls to the Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

10. Based upon information and belief, the Defendant placed calls to the Plaintiff with the intent to annoy, harass and threaten the Plaintiff.

11. As a result of the foregoing actions, the Plaintiff has been annoyed, aggravated, harangued, and otherwise damaged.

## COUNT ONE
### {Strict Liability for Violation of *TCPA*}

12. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

13. The Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff.

14. Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendant to place such calls.

15. The foregoing violations of the TCPA were committed willfully or knowingly by the Defendant or its agents.

## COUNT TWO
### {Violation of West Virginia Consumer Credit and Protection Act}

16. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

17. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act* [hereinafter, "WVCCPA"], including but not limited to:

    a. Engaging in unreasonably oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b. Causing the Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

    c.    Using generally oppressive or abusive means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-125 by placing calls to the Plaintiff on Plaintiff's cellular or residential telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff or after such permission was revoked in violation of the *TCPA*; and

    d.    Violating W.Va. Code §46A-2-125 by using a computer, with the intent to harass or abuse the Plaintiff, to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of W.Va. Code §61-3C-14a.

## COUNT THREE
### *{Violation of West Virginia Code §61-3C-14a}*

18. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
19. The Defendant, in violation of *West Virginia Code §61-3C-14a*, made repeated telephone calls to or contacts with Plaintiff by using a computer, with the intent to harass or abuse the Plaintiff, after being requested by the Plaintiff to desist.
20. Pursuant to *West Virginia Code §55-7-9*, any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.
21. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyance, inconvenience, aggravation and emotional distress.
22. The Defendant's violation of the aforesaid statute was intentional and malicious.

**WHEREFORE**, subject to the attached Stipulation wherein Plaintiff and Plaintiff's counsel stipulate that Plaintiff shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs the Plaintiff demands judgment against the Defendant for actual damages, statutory damages on Counts I and II pursuant to both the TCPA and the WVCCPA, as permitted, and actual damages, and punitive damages on Count III, as well as reasonable attorney's fees, costs and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

MELISSA HALSTEAD
By Counsel

Paul W. Roop, II
**ROOP LAW OFFICE, LC**
P.O. Box 1145
Beckley, WV 25801
WV State Bar # 5406
(304) 255-7667

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.                                                             CIVIL ACTION NO. 11-C-782-H

GE MONEY BANK,
a Federal Savings Bank,

    Defendant.

## STIPULATION OF PLAINTIFF AND ATTORNEY FOR PLAINTIFF

    Plaintiff and attorney for Plaintiff agree to be bound by the following stipulation: The Plaintiff shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs.

_____
MELISSA HALSTEAD

_____
PAUL W. ROOP, II (WVSB No. 5406)
ROOP LAW OFFICE, L.C.

STATE OF WEST VIRGINIA
COUNTY OF RALEIGH, TO-WIT:

    The foregoing instrument was acknowledged before the undersigned authority by Melissa Halstead and Paul W. Roop, II on this the ___19___ day of October, 2011.

_____
NOTARY PUBLIC

My Commission Expires: __April 21, 2013__



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
DIANA WILBORN
104 CRESTWOOD DRIVE
BECKLEY, WV 25801
My commission expires April 21, 2013

## SUMMONS

## CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.                            CIVIL ACTION NO. 11-C-782-H

GE MONEY BANK,
a Federal Savings Bank,

    Defendant.

**To the above-named Defendant:**    GE MONEY BANK
                                         c/o Kurt R. Grossheim
                                         170 West Election Road, Suite 125
                                         Draper, UT 84020

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Paul W. Roop, II, Attorney-at-Law**, plaintiff's attorney, whose address is **P.O. Box 1145, Beckley, West Virginia 25802**, an answer, including any related counterclaim you may have, to the complaint if filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within   30   days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:   11-14-2011

                                                       _/s/ Paul H. Flanagan_
                                                       Clerk of Court

[Stamp: RECEIVED AND FILED '11 NOV 14 AM 9:12 CIRCUIT CLERK]

**PLAINTIFF'S**
**Case Information Sheet**

**PLAINTIFF:** Melissa Halstead      **CASE NO.:** 11-C-782-H

**DEFENDANT:** GE Money Bank

**II. TYPE OF CASE:**

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| [ ] Adoption | [ ] Asbestos | [ ] Contract |
| [ ] Contested Divorce | [ ] Auto Negligence | [ ] Action on Note |
| [ ] Annulment/separate | [ ] Professional | [ ] Real Property |
| [ ] URESA | [ ] Personal Injury | [ ] Mental Health |
| [ ] Paternity | [ ] Product Liability Administrative Agency | [ ] Appeal from |
| [ ] Other Domestic Uncontested Divorce | [ ] Other Tort | [ ] Appeal from Magistrate Court [X] Miscellaneous Civil [ ] Extraordinary Remedy Explain: |

III. JURY DEMAND:    [X] Yes    [ ] No
IV.     MONETARY RELIEF REQUESTED:    [ ] under $100,000
                                       [ ] over $100,000

**Attorney Name:** Paul W. Roop, II
**Firm:** ROOP LAW OFFICE
**Address:** Post Office Box 1145
       Beckley, West Virginia 25802-1145
**Telephone:** (304) 255-7667       **Dated:** 11/1/11

**Representing:**   [X] Plaintiff
                    [ ] Defendant
                    [ ] Other (Identify) _____

Signature

# CIVIL CASE INFORMATION STATEMENT
In the Circuit Court of Raleigh County, West Virginia

## I. CASE STYLE:

**Plaintiff**

MELISSA HALSTEAD

PO Box 57

Bradley, WV 25818

Case # 11-C-782-H

vs.

**Defendant**

GE MONEY BANK

170 West Election Road, Suite 125

Draper, UT 84020

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

**PLAINTIFF'S
Case Information Sheet**

**PLAINTIFF:** Melissa Halstead     **CASE NO.:** 11-C-782-H

**DEFENDANT:** GE Money Bank

**II. TYPE OF CASE:**

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| [ ] Adoption | [ ] Asbestos | [ ] Contract |
| [ ] Contested Divorce | [ ] Auto Negligence | [ ] Action on Note |
| [ ] Annulment/separate | [ ] Professional | [ ] Real Property |
| [ ] URESA | [ ] Personal Injury | [ ] Mental Health |
| [ ] Paternity | [ ] Product Liability Administrative Agency | [ ] Appeal from |
| [ ] Other Domestic Uncontested Divorce | [ ] Other Tort | [ ] Appeal from Magistrate Court |
| | | [X] Miscellaneous Civil |
| | | [ ] Extraordinary Remedy Explain: |

III. JURY DEMAND:   [X] Yes   [ ] No
IV.   MONETARY RELIEF REQUESTED:   [X] under $100,000
                                    [ ] over  $100,000

**Attorney Name:** Paul W. Roop, II
**Firm:** ROOP LAW OFFICE
**Address:** Post Office Box 1145
           Beckley, West Virginia 25802-1145
**Telephone:** (304) 255-7667     **Dated:** 11/1/11

**Representing:**   [X] Plaintiff
                    [ ] Defendant
                    [ ] Other (Identify) _____

Signature

## CIVIL CASE INFORMATION STATEMENT
In the Circuit Court of Raleigh County, West Virginia

I. CASE STYLE:

**Plaintiff**

MELISSA HALSTEAD

PO Box 57

Bradley, WV 25818

Case # 11-C-782-H

vs.

| **Defendant** | **Days to Answer** | **Type of Service** |
|---|---|---|
| GE MONEY BANK | | |
| 170 West Election Road, Suite 125 | 30 | Secretary of State |
| Draper, UT 84020 | | |

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.                                          CIVIL ACTION NO. 11-C- 782-H

PAYPAL, INC.,

    Defendant.

### COMPLAINT

1. The Plaintiff, Melissa Halstead, is a resident of Raleigh County, West Virginia.

2. The Plaintiff, Melissa Halstead, is a person who falls under the protection of the *Telephone Consumer Protection Act, 47 U.S.C. §227* [hereinafter "*TCPA*"].

3. The defendant PayPal, Inc. [hereinafter, "PayPal"] is an Delaware corporation with its principal place of business at 1614 Sidney Baker Street, Kerrville, Texas, 780282640. The said Defendant is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act* and does business in Raleigh County, West Virginia by extending auto loans to persons residing in said County and State. The said Defendant further transacts debt collection activity in said County and State. The said Defendant may be served through the West Virginia Secretary of State by forwarding a copy of process to National Registered Agents, Inc, 16055 Space Center, Suite 235, Houston, Texas, 77062.

4. The calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as those terms are used in 47 U.S.C. §227.

5. The Defendant maintains records of each call placed to the Plaintiff regarding her account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.

6. The Defendant called Plaintiff repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least, on March 17, 2011 at which time the Plaintiff expressly revoked any permission which Defendant might have had to place any calls to the Plaintiff's cellular telephone.

7. From March 17, 2011 through May 13, 2011, the Defendant knowingly placed not less than eighty four (84) calls to the Plaintiff's cellular telephone utilizing an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiff.

8. In addition to the not less than eighty four (84) calls placed by Defendant using an automatic telephone dialing system or artificial or prerecorded voice, as described in the preceding

paragraph, the Defendant placed other calls to the Plaintiff after the latter date set forth in the preceding paragraph through the date of filing the herein complaint by use of an automatic telephone dialing system or artificial or prerecorded voice.

9. At no time did the Plaintiff expressly authorize the Defendant to make calls to the Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

10. Based upon information and belief, the Defendant was aware that the initiation of calls to a cellular phone such as that of the Plaintiff is likely to cause the recipient to incur charges.

11. Based upon information and belief, the Defendant placed calls to the Plaintiff with the intent to annoy, harass and threaten the Plaintiff.

12. As a result of the foregoing actions, the Plaintiff has been annoyed, aggravated, harangued, and otherwise damaged.

## COUNT ONE
### {Strict Liability for Violation of *TCPA*}

13. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

14. The Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff.

15. Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendant to place such calls.

16. The foregoing violations of the TCPA were committed willfully or knowingly by the Defendant or its agents.

## COUNT TWO
### {Violation of West Virginia Consumer Credit and Protection Act}

17. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

18. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act* [hereinafter, "WVCCPA"], including but not limited to:

   a. Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

   b. Causing the Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

   c. Using generally unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by placing calls to the Plaintiff on Plaintiff's cellular or residential telephone using an automatic telephone dialing system

or artificial or prerecorded voice without the express permission of the Plaintiff or after such permission was revoked in violation of the *TCPA*; and

d. Violating W.Va. Code §46A-2-125 by using a computer, with the intent to harass or abuse the Plaintiff, to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of W.Va. Code §61-3C-14a.

## COUNT THREE
### {*Violation of West Virginia Code §61-3C-14a}*

19. The Plaintiff incorporates Paragraphs 1 through 18 as stated above.
20. The Defendant, in violation of *West Virginia Code §61-3C-14a*, made repeated telephone calls to or contacts with Plaintiff by using a computer, with the intent to harass or abuse the Plaintiff, after being requested by the Plaintiff to desist.
21. Pursuant to *West Virginia Code §55-7-9*, any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.
22. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyances, inconvenience, aggravation and emotional distress.
23. The Defendant's violation of the aforesaid statute was intentional and malicious.

WHEREFORE, the Plaintiff demands judgment against the Defendant for actual damages, statutory damages on Counts I and II pursuant to both the TCPA and the WVCCPA, as permitted, and actual damages, and punitive damages on Count III, as well as reasonable attorney's fees, costs and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

MELISSA HALSTEAD
By Counsel

Paul W. Roop, II
ROOP LAW OFFICE, LC
P.O. Box 1145
Beckley, WV 25801
WV State Bar # 5406
(304) 255-7667

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.                                      CIVIL ACTION NO. 11-C- 782 - H

PAYPAL, INC.,

    Defendant.

## STIPULATION OF PLAINTIFF AND ATTORNEY FOR PLAINTIFF

Plaintiff and attorney for Plaintiff agree to be bound by the following stipulation: The Plaintiff shall neither seek nor accept an amount greater than $74,999.00 in this case, including any award of attorney fees but excluding interest and costs.

_Melissa Halstead_
MELISSA HALSTEAD

_Paul W. Roop_
PAUL W. ROOP, II (WVSB No. 5406)
ROOP LAW OFFICE, L.C.

STATE OF WEST VIRGINIA
COUNTY OF RALEIGH, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by Melissa Halstead and Paul W. Roop, II on this the 11th day of August, 2011.

_Amy Hendrickson_
NOTARY PUBLIC

My Commission Expires: 10/27/2020

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
AMY HENDRICKSON
Roop Law Office LC
PO Box 1145, Beckley, WV 25802
My Commission Expires October 27, 2020

## SUMMONS

## CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

MELISSA HALSTEAD,

    Plaintiff,

vs.      CIVIL ACTION NO. 11-C- 782-H

PAYPAL, INC.,

    Defendant.

To the above-named Defendant:    PayPal, Inc.
c/o National Registered Agents, Inc
16055 Space Center, Suite 235
Houston, Texas, 77062

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Paul W. Roop, II, Attorney-at-Law**, plaintiff's attorney, whose address is **P.O. Box 1145, Beckley, West Virginia 25802**, an answer, including any related counterclaim you may have, to the complaint if filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within __30__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _Aug. 24, 2011_

_Paul H. Flanagan_
Clerk of Court

# West Virginia Secretary of State — Online Data Services

## Business & Licensing

Online Data Services Help

## Service Of Process Search Item Detail

Back To Results | New Search

| Service Information | |
|---|---|
| **Civil Action** | 11-C-782-H |
| **Defendant** | GE Money Bank |
| **Agent** | c/o Kurt R. Grossheim |
| **City/State/Zip** | Draper , UT 84020 |
| **Country** | US - United States of America |
| **County** | Raleigh |
| **Service Date** | 12/27/2011 |
| **Delivery Information** | |
| **Certified Number** | 91719237900010005743 08 |
| **Delivered Date** | 1/3/2012 1:22:00 PM |
| **Delivered** | YES |
| **Status Details** | DELIVERED (Complete list of USPS status descriptions) |
| **USPS Notice** | *USPS requires a signature whenever certified mail is returned to sender. When mail from the Secretary of State is returned, it is processed and signed by the state's central mailing office. If your mail was intended for a private entity (that is, anyone other than a state officer or agency) and the signature below is that of **Kathy Thomas, Deanna Karlen, State of West Virginia, or Central Mailing Office**, then your mail was NOT DELIVERED and will be returned to the clerk of the appropriate court.* |

Click the image below to view full size, for printing or saving to your computer.

**Signature Image**

UNITED STATES POSTAL SERVICE.

Date Produced: 01/09/2012

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0057 4308. Our records indicate that this item was delivered on 01/03/2012 at 01:22 p.m. in DRAPER, UT, 84020. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient: 170 W. Election #125

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

Back To Results | New Search

Printed from West Virginia Secretary of State Online Data Services web site: http://apps.sos.wv.gov

Wednesday, January 25, 2012 — 9:30 AM

© 2012 State of West Virginia